| | | |
|---|---|---|
| JANE DOE | : | |
| | : | |
| V. | : | Civil Action No.: 3:16cv01934 (RNC) |
| | : | |
| JAMES DZURENDA, ET AL. | : | August 27, 2021 |

## NOTICE OF ADDITIONAL AUTHORITY RE MOTION TO DISMISS

As an update Plaintiff's Opposition to Defendants' Motion to Dismiss, Dkt. # 39, Plaintiff gives notice of the attached decisions, issued subsequent to the Opposition, that address the sufficiency of ADA or Rehabilitation Act claims brought by individuals with gender dysphoria. These decisions address several issues raised in the Motion to Dismiss, including the definition of discrimination under the ADA and the Rehabilitation Act and the application of the "gender identity disorder exclusion" under these statutes. The decisions Plaintiff has located have either denied motions to dismiss the claims or identified pleading deficiencies that are not present here. These decisions are submitted as an Appendix, labeled Exhibits A-I.

Decisions denying motions to dismiss include *Venson v. Gregson*, No. 3:18-CV-2185-MAB, 2021 WL 673371, at *3 (S.D. Ill. Feb. 22, 2021) ("[T]he Court cannot say for certain that gender dysphoria falls within the ADA's exclusionary language"); *Tay v. Dennison*, No. 19-CV-00501-NJR, 2020 WL 2100761, at *3 (S.D. Ill. May 1, 2020) ("[T]he Court cannot categorically say that gender dysphoria falls within the ADA's exclusionary language and will allow this claim to proceed."); *Shorter v. Barr*, No. 4:19CV108-WS/CAS, 2020 WL 1942785, at *9 (N.D. Fla. Mar. 13, 2020) (Rehabilitation Act claim brought by transgender woman alleging that the Bureau of Prisons failed to reasonably accommodate her gender dysphoria), *report and recommendation adopted*, No. 4:19CV108-WS/CAS, 2020 WL 1942300 (N.D. Fla. Apr. 22, 2020); *Iglesias v.*

1

*True,* 403 F. Supp. 3d 680, 688 (S.D. Ill. 2019) (transgender woman's gender dysphoria-based Rehabilitation Act claim).

Decisions granting motions to dismiss for failure to allege the elements of an ADA gender dysphoria claim include *Scutt v. Carbonaro CPAs n Mngmt Grp*, No. CV 20-00362 JMS-RT, 2020 WL 5880715, at *5 (D. Haw. Oct. 2, 2020) (dismissing ADA claim because "Plaintiff only alleges that her gender identity is transgender, not that she suffers from gender dysphoria or any other condition, let alone because of physical impairments"); *Doe v. Northrop Grumman Sys. Corp.*, 418 F. Supp. 3d 921, 930 (N.D. Ala. 2019) (holding that failure to allege that plaintiff's gender dysphoria resulted "from a physical impairment" was fatal to claim); *Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 753-54 (S.D. Ohio 2018) (same); *Williams v. Ferguson*, No. 3:20-CV-P369-DJH, 2020 WL 3511590, at *5 (W.D. Ky. June 29, 2020) (dismissing claim where plaintiff failed to allege she was excluded from a correctional program or service because of her gender dysphoria); *London v. Evans*, No. CV 19-559 (MN), 2019 WL 5726983, at *6 (D. Del. Nov. 5, 2019) (dismissing claim because there were no allegations that plaintiff was excluded from a Department of Correction program or service because of gender dysphoria).

Here, Plaintiff does allege the elements of a claim of discrimination under the ADA and Rehabilitation Act based on gender dysphoria. *See* Dkt. # 1, Complaint ¶¶ 16-19 (alleging that Jane Doe suffers from gender dysphoria and that "[w]hile no clear scientific consensus exists regarding the specific origins of Gender Dysphoria (i.e., whether it can be traced to neurological, genetic, or hormonal sources), current research increasingly indicates that Gender Dysphoria has physiological or biological roots," *and* "[a] growing body of medical research suggests that this incongruence [experienced by transgender people] is caused by genetics and/or in utero exposure

to hormones during the development of the brain, such that the anatomic physical body and the brain develop in different gender paths"); *id.* ¶¶ 198-207 (alleging that DCF violated the ADA by, *inter alia*, denying Jane Doe based on her gender dysphoria and other disabilities the opportunity to participate in programs and services, failing to make reasonable modifications to its practices in light of Jane's disabilities, and subjecting Jane to non-integrated treatment because of her disabilities); *id.* ¶¶ 211-222 (setting forth Rehabilitation Act claim).

Respectfully submitted,
THE PLAINTIFF

By /s/ David N. Rosen
David N. Rosen
David Rosen & Associates, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513
(203) 789-1605 Fax
CT00196
drosen@davidrosenlaw.com


Sarah French Russell
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Avenue
Hamden, CT 06518
(203) 382-3238
(203) 582-3237
CT26604
sarah.russell@quinnipiac.edu
