UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE | : | |
| | : | |
| V. | : | Civil Action No.: 3:16cv01934 (RNC) |
| | : | |
| JAMES DZURENDA, ET AL. | : | January 31, 2023 |

## NOTICE OF ADDITIONAL AUTHORITY

Plaintiff gives notice of the attached decision addressing the application of the "gender identity disorder exclusion" under the Americans with Disabilities Act (ADA). This issue is raised in Plaintiff's Opposition to Defendants' Motion to Dismiss, Dkt. # 39.

The ADA (and Rehabilitation Act) exclude from the definition of disability "gender identity disorders not resulting from physical impairments." 4 U.S.C. § 12211(b). In *Williams v. Kincaid*, 45 F.4th 759, 769 (4th Cir. 2022), *rehearing en banc denied*, 50 F.4th 429 (4th Cir. 2022), *petition for cert. filed* (U.S. Jan. 23, 2023) (No. 22-633), the Fourth Circuit held that "as a matter of statutory construction, gender dysphoria is not a gender identity disorder" under the ADA and thus not excluded from the ADA's definition of disability. The Court reasoned that "the definition of gender dysphoria differs dramatically from that of the now-rejected diagnosis of 'gender identity disorder'" in that gender dysphoria "concerns itself primarily with *distress* and other disabling symptoms, rather than simply being transgender." *Id.* at 768. The Court concluded that "given Congress' express instruction that courts construe the ADA in favor of maximum protection for those with disabilities, we could not adopt an unnecessarily restrictive reading of the ADA." *Id.* at 769. Indeed, "[t]o so hold would be for a court to take it upon itself to rewrite the statute in two impermissible ways: by penciling a new condition into the list of exclusions, and by erasing Congress' command to construe the ADA as broadly as the text permits." *Id.* at 769-70.

1

In addition, the Fourth Circuit concluded that the plaintiff was not subject to the ADA's exclusion because the complaint "permits the plausible inference that her condition 'result[ed] from a physical impairment.'" Although the complaint did not specifically state that the plaintiff's dysphoria was from a physical basis, the Court reasoned that, consistent with Rule 8, the plaintiff's "allegations need not include either those precise words or a scientific analysis explaining the precise biomechanical processes by which her condition arose." *Id.* at 772. Finally, the Court concluded that "[i]f there were any doubt that § 12211(b) does not foreclose [the plaintiff's] ADA claim on a motion to dismiss, we would interpret that statute to permit that claim to proceed to avoid a serious constitutional question." *Id.*

Here, Plaintiff alleges the elements of a claim of discrimination under the ADA and Rehabilitation Act based on gender dysphoria, and points to the physical nature of the disorder. *See* Dkt. # 1, Complaint ¶¶ 16-19 (alleging that Jane Doe suffers from gender dysphoria and that "[w]hile no clear scientific consensus exists regarding the specific origins of Gender Dysphoria (i.e., whether it can be traced to neurological, genetic, or hormonal sources), current research increasingly indicates that Gender Dysphoria has physiological or biological roots," *and* "[a] growing body of medical research suggests that this incongruence [experienced by transgender people] is caused by genetics and/or in utero exposure to hormones during the development of the brain, such that the anatomic physical body and the brain develop in different gender paths"); *id.* ¶¶ 198-207 (alleging that DCF violated the ADA by, *inter alia*, denying Jane Doe based on her gender dysphoria and other disabilities the opportunity to participate in programs and services, failing to make reasonable modifications to its practices in light of Jane's disabilities, and subjecting Jane to non-integrated treatment because of her disabilities); *id.* ¶¶ 211-222

(setting forth Rehabilitation Act claim). Accordingly, Jane Doe's claims should not be dismissed based on the "gender identity disorder" exclusion.

Dated: January 31, 2023

Respectfully submitted,
THE PLAINTIFF

 /s Sarah F. Russell
Sarah F. Russell
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Avenue
Hamden, CT 06518
(203) 528-5258
(203) 582-3237 Fax
CT26604
sarah.russell@quinnipiac.edu

David N. Rosen
David Rosen & Associates, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513
(203) 789-1605 Fax
CT00196
drosen@davidrosenlaw.com